WILLIAM R. HUMPHREY, PLAINTIFF IN ERROR, *v.* THE PEOPLE OF THE STATE OF NEW YORK, DEFEND-ANTS IN ERROR.

*Books of bank — admissibility of, as against its officers.*

The plaintiff in error was indicted and convicted of embezzling the funds of a savings bank, of which he was the secretary. Upon the trial, the books of the bank, which were kept by the accused, and in his handwriting, and also a book kept by the treasurer of the bank, showing the amounts paid over to the bank by the accused, were received in evidence.

*Held,* that as the treasurer's book was kept in the regular course of business of the bank, and as the accused was an officer thereof, it was admissible against the accused to show the amounts received.

The accused offered to show that the other officers of the bank were in complicity with him, and that he made the false entries in the books with their knowledge and approval, for the purpose of deceiving the Bank Department at Albany. *Held,* that the evidence was properly rejected.

WRIT OF ERROR to the Court of Sessions for the county of Westchester, to review the conviction and sentence of the plaintiff in error for embezzlement of the funds of the New Rochelle Savings Bank, of which he was the secretary.

*W. Bourke Cockran,* for the plaintiff in error.

*Nelson H. Baker,* district attorney, for the People.

DYKMAN, J.:

The testimony in this case very clearly discloses the guilt of the defendant; appointed secretary of the savings bank in New Rochelle, he almost immediately commenced to appropriate to his own use the money he received in trust for that institution, and to conceal his misappropriations by a system of false entries, which he continued until the suspension of payment by the bank, caused principally by his malfeasance.

On the trial of the cause a number of books of account were offered in evidence on the part of the prosecution, all of which were in the handwriting of the defendant but one, and that was identified as one of the books of the bank. This book was received in evidence with the others, and its reception by the court is now assigned as error.

Humphrey was an officer of this bank, and its books of account are the evidences of its transactions, and record the acts of its officers. By these records all the officers must be bound, whether made by them individually or by other agents of the institution, whose duty it was to keep them. It appears that the book objected to was the treasurer's book, and was used to show the amount of money paid over by the defendant, as secretary. This book would not naturally be in the handwriting of the defendant, but being one of the books kept in its regular course of business, it may be used to show the money received. We do not find any error in this ruling.

This view also disposes of the objection to the testimony of the expert witness, who made a comparison between the money received by the defendant, as shown by the pass-books of the depositors in his hadwriting, and the treasurer's books, to which the objection was made.

The defendant desired to show that other officers of the bank were in complicity with him, and that the false entries were made with their knowledge and approval, for the deception of the Bank Department at Albany. This testimony was excluded, and the charge was also that the fact constituted no shield or defence to the prisoner. To all of which exception was taken, and it is now claimed that this error calls for a new trial.

We think the position is untenable. It comes to little more than a claim that others are implicated in guilt with the defendant.

Another exception is to that portion of the charge in which the jury was instructed that they must convict the prisoner, unless his story satisfied them of its truthfulness; but the charge on examination does not justify any such construction. Upon that subject the judge said, if the testimony of the defendant failed to convince the jury of its truthfulness it must be rejected the same as the testimony of other witnesses.

On the whole case we find no error that would justify a reversal of the conviction, and it must be affirmed.

Present — BARNARD, P. J., GILBERT and DYKMAN, JJ.

Judgment affirmed.